UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| V. | § | CAUSE NO. SA-23-CR-426 DAE |
| | § | |
| HILARIO VASQUEZ, III | § | |

**SENTENCING MEMO**

TO THE HONORABLE DAVID A. EZRA, SENIOR DISTRICT JUDGE FOR THE WESTERN DISTRICT OF TEXAS, SAN ANTONIO, DIVISION:

COMES NOW Defendant HILARIO VASQUEZ, III, by and through his undersigned counsel, and files this Sentencing Memo drawing the Court's attention to certain facts and circumstances for the Court's consideration so that it can fashion a sentence that is sufficient, but not greater than necessary to accomplish the sentencing goals pursuant to 18 U.S.C. §3553(a) in anticipation of his sentencing hearing currently set for February 3, 2025.

Mr. Vasquez was 24 years old at the time he committed his crime. As a child and later as an adolescent, he grew up in a broken home as his father was in and out prison for various crimes, including drug-trafficking. While in grade school, he was involved in all school sports and activities and, from the ages of 13 to 16, he was in boxing. PSR ¶60. His sisters were involved with cheerleading and volleyball. Because his father was in and out prison, Mr. Vasquez felt like he had to grow up fast to "*fill in his dad's shoes.*" *Id*. When he turned 16, he started working to help his mother and siblings and felt like he had a lot on his shoulders. *Id.* Mr. Vasquez eventually started associating with the wrong people and left his family home at age 17 which is when he picked up his first criminal case (2016) which was a misdemeanor theft charge for stealing items

1

from a Walmart.  That case was dismissed without a conviction.  Unfortunately, Mr. Vasquez turned to drugs and alcohol as he struggled to deal with the mental and emotional issues that resulted from his broken home, lack of a proper male role model and affiliation with negative peers.  This led to his next arrest (2021) for DWI and drug possession.  PSR ¶ 53 at age 23.[1]  Mr. Vasquez' has suffered with long standing substance abuse disorder (even though he has not been formally diagnosed by a health care provider) as reflected in his pretrial release violations.  Many studies have found that delinquency is a symptom of family breakdown. When death or marital conflicts deprive children of affection, security, social opportunities, and physical necessities, they may turn to delinquent gangs for support. https://www.ojp.gov/ncjrs/virtual-library/abstracts/effect-broken-homes-juvenile-delinquency.  This case will be his first criminal conviction.  He has no prior arrests, much less convictions, for crimes of violence.

In this case, Mr. Vasquez was acutely distressed by financial worries:  his bills were piling up and he couldn't keep up with his financial responsibilities.  When a friend suggested he could make money by buying guns for him he thought he could do it one time, catch up financially, and then he would be fine.  After the first time he did it, he was taken to a ranch in Mexico for a party. Later, when he was told he would need to continue to buy guns, he declined.  He was kidnapped, taken to Mexico against his will to the same ranch where he had gone to a party, and was severely beaten for hours and threatened with death if he did not continue to buy guns.  Because of his young age and immaturity, he did not consider the consequences of agreeing to do it in the first place and was driven by his desperate need to make money.  He was unable to resist the urge to seize the short-term benefit of easy money and was unable to consider the enormous risk to himself

---

[1] No records were obtained for this case and it is therefore a "bare arrest record" which should not be considered by the court. *United States v. Zarco-Beiza*, 24 F4th 477 (5th Circuit 2022).

and others he created by accepting the offer.  He very much regrets his horrible choice to buy the gun in the first place.

It is widely believed that the prefrontal cortex of the brain, the part that controls impulses and the ability to weigh one's actions aimed at immediate gratification against the negative consequences of carrying out such behaviors, does not fully develop until the mid-20's.  This is relevant to Mr. Vasquez' decision to accept the offer to participate in this crime, his prior arrests and his inability to resist drugs and alcohol to deal with his stress and anxiety while on pretrial release.  It is significant that Mr. Vasquez did well and learned the lessons of his drug and alcohol treatment and counseling but was unable to manage on his own outside the confines of his treatment center.

Mr. Vasquez has learned a lot as result of this case.  He has learned that bad decisions have bad consequences, that short-cuts don't work and that he is much better off leading a quiet, law-abiding, hard-working life. The time he has spent in jail as well as the maturity and insight he has gained with age, have given him a new perspective on his life.  He is anxious to start over, reconcile with his child and get involved in his child's life so that he can avoid the same mistakes that plagued his own childhood.  PSR ¶¶ 63, 71.  Mr. Vasquez is already working on his road to recovery by praying, reading and studying, and exercising.  He hopes to use his time wisely while incarcerated and become a certified welder or diesel mechanic so that he can lead a responsible life and care for his child.

Mr. Vasquez acknowledges that his case is serious, that buying guns for Mexican cartels contributes to the violence in Mexico and leads to strife and danger—often for innocent bystanders. He acknowledges that he needs to pay his crime and only asks the Court to consider his circumstances as it determines a fair and reasonable sentence in his case.  Mr. Vasquez respectfully

submits the advisory guideline range of 87 to 108 months is substantially higher than necessary under his circumstances.

Mr. Vasquez asks the court to consider all of the foregoing and to find that the recommended guideline range set out in the PSR is substantially greater than necessary to accomplish the sentencing goals set forth in 18 U.S.C. §3553 and to vary downward from the advisory guidelines.

Respectfully submitted.

MAUREEN SCOTT FRANCO
Federal Public Defender

_____
/s/ DAVID J. KIMMELMAN
Assistant Federal Public Defender
Western District of Texas
300 Convent, Suite 2300
San Antonio, Texas 78207
(210) 472-6700
(210) 472-4454 (Fax)
State Bar Number: 11427300

*Attorney for Defendant*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of January, 2025, I electronically filed the foregoing Defendant's Sentencing Memorandum with the Clerk of Court using the CM/ECF system and emailed a copy to the following:

Christopher Mangels
Assistant United States Attorney
601 N. W. Loop 410, Suite 600
San Antonio, Texas 78216

_____
/s/ DAVID J. KIMMELMAN